UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, )
                                                   )
          Plaintiff, )
                                                   )
        v. )
                                                   )
**Jose Efrain AGUILAR-Valenzuela** )
                                                   )
          Defendant. )
_____)

'08 MJ 2 2 0 3

Magistrate Case No._____

COMPLAINT FOR VIOLATION OF

Title 18, U.S.C., Section 1544
Misuse of Passport

Title 8, U.S.C., Section 1326
Attempted Entry After Deportation

FILED
2008 JUL 21 AM 10: 57
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

The undersigned complainant being duly sworn states:

### Count I

On or about **July 18, 2008**, within the Southern District of California, defendant **Jose Efrain AGUILAR-Valenzuela**, did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. Passport number 427253783, issued to **Arturo Torres-Virgen,** to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not **Arturo Torres-Virgen,** that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

### Count II

On or about **July 18, 2008**, within the Southern District of California, defendant **Jose Efrain AGUILAR-Valenzuela**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro, California, Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
Customs and Border Protection

Sworn to before me and subscribed in my presence this 21th day of **July 2008.**

_____
United States Magistrate Judge

I, United States Customs and Border Protection (CBP) Enforcement Officer Carla Saco, declare under penalty of perjury the following to be true and correct:

On July 18, 2008 at approximately 1020 hours **Jose Efrain AGUILAR-Valenzuela (Defendant)** made application for admission into the United States from Mexico at the vehicle entrance of the San Ysidro, California Port of Entry. Upon inspection before a Customs and Border Protection (CBP) Officer, Defendant presented as his own a United States Passport bearing the name Arturo TORRES-Virgen. The officer suspected Defendant was not the rightful owner of the document and elected to escort him to secondary inspection.

In secondary, Defendant was determined to be an impostor to the document presented. Defendant was queried by ten-digit fingerprint submission through the Automated Biometric Identification System (IDENT) and Integrated Automated Fingerprint Identification System (IAFIS). IDENT/IAFIS returned a match to the query, verifying Defendant's true identity and linking him to Immigration Service and FBI records.

Queries of Immigration Service records including Central Index System (CIS) and the Deportable Alien Control System (DACS) identified Defendant as a citizen of Mexico with no legal documents to enter, pass through or reside in the United States. DACS information indicates that Defendant was ordered removed by an Immigration Judge on or about April 21, 1997. DACS information reveals Defendant was last removed from the United States to Mexico on or about September 05, 1997. Immigration Service records contain no evidence that Defendant has applied for or received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped proceeding Defendant was advised of his Miranda Rights. Defendant acknowledged his rights and agreed to answer questions without the benefit of counsel. Defendant admitted he is a citizen of Mexico. Defendant admitted he was deported from the United States. Defendant admitted he has not has not applied for or received permission to legally enter the United States. Defendant admitted he purchased the United States Passport from an unknown male street vendor in Tijuana for $50USD. Defendant stated he intended to travel to Phoenix, Arizona.

EXECUTED ON THIS 18th DAY OF July 2008 AT 19:46.

_Carla Saco #6793_
Carla Saco / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of (1) page(s), I find probable cause to believe that the defendant named therein committed the offenses on July 18, 2008 in violation of Title 18, United States Code, Section 1544, and Title 8, United States Code, Section 1326.

MAGISTRATE JUDGE

July 19, 2008, 2PM
DATE/TIME